IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-HC-2076-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN BLANFORD KING, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion to dismiss (DE # 4) the government's petition for respondent's commitment pursuant to 18 U.S.C. § 4248. Respondent has filed a supplemental memorandum (DE # 8) in support of the motion to dismiss. Petitioner has filed responses both to the motion to dismiss and to the supplemental memorandum, opposing the motion to dismiss. The matter is ripe for ruling. For the reasons that follow, respondent's motion to dismiss is denied without prejudice.

In the present action, the government seeks to commit respondent as a "sexually dangerous person" pursuant to 18 U.S.C. § 4248, which was enacted as part of the Adam Walsh Child Safety and Protection Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 (2006) (hereinafter "Adam Walsh Act"). Respondent's motion to dismiss this action incorporates by reference the arguments originally made in United States v. Comstock, No. 5:06-HC-2195-BR (E.D.N.C.). Appellate litigation in Comstock has largely foreclosed respondent's arguments.

On May 17, 2010, the Supreme Court, in United States v. Comstock, 130 S. Ct. 1949 (2010), upheld 18 U.S.C. § 4248 as valid under the Necessary and Proper Clause and remanded Comstock

to the Fourth Circuit Court of Appeals for further proceedings. On remand, the Fourth Circuit held that the "clear and convincing evidence" standard by which the government must prove an individual is sexually dangerous for purposes of commitment under § 4248 does not violate the constitutional guarantee of due process. United States v. Comstock, 627 F.3d 513, 524 (4th Cir. 2010). Therefore, the appellate decisions in Comstock provide no grounds on which to grant respondent's motion to dismiss.

In his supplemental memorandum, respondent first argues "that § 4248 commitment is premature and unnecessary because he has an unserved term of supervised release that will allow him the opportunity to show that such commitment is not warranted." (Mem. Supp. Mot. Dismiss 2.) In making this argument, respondent relies on the decision in United States v. Broncheau, __ F.Supp.2d __, 2010 WL 4484635, *6 (E.D.N.C. Oct. 29, 2010), appeal docketed, No. 10-7611 (4th Cir. Nov. 18, 2010), which granted several respondents' motions to dismiss § 4248 actions filed against them. The respondents had unserved terms of supervised release. The court in Broncheau held that "when a respondent has not completed his sentence because he has a remaining term of supervised release, the use of section 4241 is the proper way to initiate proceedings under the Adam Walsh Act." Id. at *6.

Chapter 313 of Title 18 of the United States Code is entitled "Offenders with Mental Disease or Defect." This chapter, which includes sections 4241 through 4248, provides procedures for addressing mental health issues of individuals in varying circumstances within the federal criminal justice system. Section 4241 provides the procedure to be followed when a question arises regarding a person's mental competency, described as the person's ability "to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C.

2

Case 5:09-hc-02076-FA  Document 14  Filed 03/25/11  Page 2 of 9

§ 4241(a). Section 4248 authorizes and provides procedures for the civil commitment of persons proven to be sexually dangerous, which requires proof that the person "has engaged or attempted to engage in sexually violent conduct or child molestation and . . . that the person suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." 18 U.S.C. §§ 4247(a)(5)-(6) and 4248.

> As the court in Broncheau correctly described,
>
> When congress enacted section 4248 as part of the Adam Walsh Act, it also amended 18 U.S.C. § 4241. That statute now permits *"at any time after the commencement of probation or supervised release and prior to the completion of the sentence, . . . the Government [to] file a motion for a hearing to determine the mental competency of the defendant[.]"* 18 U.S.C. § 4241(a) (emphasis added). The statute permits the government to file a motion regardless of whether a defendant has engaged in any conduct which would violate the terms of his supervised release; however, any such motion must be based on "reasonable cause" and the court must hold a hearing. Id. The court must hold an initial hearing, and may order an initial "psychiatric or psychological examination of the defendant" prior to the hearing. Id. § 4241(b). If the court finds "by a preponderance of the evidence" that further evaluation is warranted, the court orders defendant's commitment "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether" additional proceedings are warranted. Id. § 4241(d)(1). "If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, *the defendant is subject to the provisions of sections 4246 and 4248."* Id. (emphasis added).

Broncheau, 2010 WL 4484635 at *6 (footnote omitted).

The Broncheau court expressed concerns that § 4248 "fails to provide procedural and evidentiary protections sufficient to satisfy procedural due process, on its face and as applied." Id. at *4. The court reasoned that the additional procedural protections found in § 4241, which are "akin to an initial appearance and speedy trial in the criminal context," adequately addressed the court's due process concerns with regard to § 4248. Thus, interpreting Chapter 313 as a single

3

comprehensive commitment scheme, the court in Broncheau dismissed the directly filed § 4248 actions, holding that the government should have allowed respondents to commence the term of supervised release, at which point the government could determine whether to pursue § 4241 proceedings, which may later lead to a § 4248 proceeding. Id. at *7.

The district court's decision in Broncheau was entered on October 29, 2010, and is currently on appeal. Subsequent to the district court's ruling, the Fourth Circuit issued its most recent opinion in the Comstock case, which substantially weakens the due process rationale underpinning Broncheau. See United States v. Comstock, 627 F.3d 513, 518-24 (4th Cir. 2010). In rejecting a due process challenge, the Fourth Circuit noted the general difficulty in overcoming the presumption that Congress has complied with the Constitution. Id. at 518. In the specific context of the Adam Walsh Act, the Fourth Circuit held that § 4248's provision for "professional review and opportunity for correction of an erroneous commitment" reduces the need for the rigorous procedural due process protections required in criminal cases. Id. at 521. Although the court in Comstock declined to specifically adopt the view that § 4248 is civil, not criminal in nature, Comstock, 627 F.3d at 518 n. 1, the opinion strongly suggests, and this court finds, that § 4248 is a civil proceeding. Thus, the Fourth Circuit's opinion suggests that § 4248 affords respondents the appropriate level of due process, without the additional procedures of § 4241, and that the due process rationales underpinning Broncheau have been substantially weakened. As such, the court cannot agree with respondent that his motion to dismiss should be granted based on Broncheau.

Next, respondent argues that even though § 4248 provides a means of conditionally releasing sexually dangerous persons into the community, see 18 U.S.C. § 4248(e)(2), "this approach will not ensure that [respondent] will ever have the opportunity to be released from custody." (Mem. Supp.

4

Mot. Dismiss 4.) This is unfounded because the statute provides a court with discretion to authorize conditional release, and a respondent may ask the court for a hearing on such a request at any time 180 days after the court denied his last request. See 18 U.S.C. §§ 4247(h), 4248(e); Comstock, 627 F.3d at 521-22 ("[A] committed person's counsel or guardian may . . . ask the court to order discharge and, if denied, renew this request repeatedly every 180 days after a denial."). The mere speculation that respondent may never be able to secure his release is not grounds to dismiss the present action.

Respondent also argues that "the stigma of being labeled a 'sexually dangerous person' is a lifelong burden that [an] individual[] must endure above and beyond the requirements to register as a sex offender." (Mem. Supp. Mot. Dismiss 5.) However, as the Fourth Circuit has explained, "there is no constitutional right to be free from stigma." Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138, 147 (4th Cir. 2009) (citing Paul v. Davis, 424 U.S. 693, 706-10 (1976)). As a result, respondent's argument is without merit.

Furthermore, respondent asserts that the present action should be dismissed because § 4248 violates the Equal Protection Clause. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (internal quotation marks omitted).[1] Ordinarily, when a statute is challenged under the Equal Protection Clause, the general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute at

---

[1] If a classification would violate the Equal Protection Clause of the Fourteenth Amendment, then it also violates the Fifth Amendment's Due Process Clause as a matter of law. See Johnson v. Robison, 415 U.S. 361, 364 n.4 (1974).

5

issue is rationally related to a legitimate governmental interest. Id. at 440; Veney v. Wyche, 293 F.3d 726, 731 (4th Cir. 2002). However, a statute that implicates a fundamental right or a suspect class triggers the more demanding "strict scrutiny" test and will be sustained only if it is narrowly tailored to serve a compelling government interest. City of Cleburne, 473 U.S. at 440.

The United States Supreme Court has not squarely addressed the level of scrutiny that should be applied in cases involving challenges to civil commitment statutes. See Hubbart v. Knapp, 379 F.3d 773, 781 (9th Cir. 2004). Respondent argues that strict scrutiny must be applied to an unequal classification in a law that restricts liberty. However, several lower federal courts have discussed this issue in the context of challenges to § 4248 and have concluded that the rational basis standard of review applies. See United States v. Coho, No. 09-CV-754-WJ, 2009 WL 3156739, at *7 (D.N.M. Sept. 18, 2009); United States v. Shields, 522 F. Supp. 2d 317, 340 (D. Mass. 2007); United States v. Carta, 503 F. Supp. 2d 405, 408 (D. Mass. 2007), aff'd, 592 F.3d 34, 44 (1st Cir. 2010). The court adopts the reasoning of these decisions and finds that the rational basis standard of review should be applied to this case.

Respondent asserts two distinct equal protection arguments. First, respondent's motion to dismiss incorporates by reference an argument made in a similar motion in the Comstock case. In this argument, respondent asserts that § 4248 violates his right to equal protection because the statute applies only to federal prisoners and not to citizens who are not in custody. He argues that the government cannot use one's status as a prisoner to control whether or not the person may be subject to a civil commitment hearing. However, respondent's argument fails because "sexually dangerous persons in the custody of the federal government are not similarly situated to sexually dangerous persons not charged with a federal crime or serving a federal sentence." Shields, 522 F. Supp. 2d

6

at 341; see also Coho, 2009 WL 3156739, at *7; Carta, 503 F. Supp. 2d at 408, aff'd, 592 F.3d at 44.

In his supplemental memorandum, respondent asserts a separate equal protection argument. Specifically, respondent alleges that

> [t]he government has not provided any indication that it is reviewing every individual in the custody of the Bureau of Prisons . . . to determine whether to certify them under § 4248. Accordingly, respondent, and this Court, have no way of knowing whether the government is certifying individuals in a completely arbitrary manner in violation of equal protection.

(Mem. Supp. Mot. Dismiss 6 (internal quotation marks omitted).) The court finds that respondent does not carry his burden of proof on this issue. Applying the rational basis standard, "[a] statute is presumed constitutional, . . . and [t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it[.]" Heller v. Doe, 509 U.S. 312, 320 (1993) (original alteration, citation and internal quotation marks omitted). Furthermore, the mere failure to prosecute other offenders is no basis for a finding of denial of equal protection. "[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." Oyler v. Boles, 368 U.S. 448, 456 (1962); see also Heller, 509 U.S. at 321 ("A classification does not fail rational-basis review because it 'is not made with mathematical nicety or because in practice it results in some inequality.'" (citation and internal quotation marks omitted)); Thomasson v. Perry, 80 F.3d 915, 930-31 (4th Cir. 1996) (same). As a result, the court rejects respondent's equal protection challenges.

Respondent also argues that the § 4248 certification process violates his right to a grand jury, to a speedy and public trial, and to be informed of the nature of the charges against him. Respondent insists that the certification process "initiates criminal, and not civil, proceedings." (Mem. Supp.

7

Mot. Dismiss 7.) In Kansas v. Hendricks, 521 U.S. 346, 369 (1997), the Supreme Court held that a state statute providing for the commitment of sexually violent predators is civil, not criminal in nature. Additionally, as this court has found § 4248 to be civil in nature based on the Comstock opinion, respondent's Fifth and Sixth Amendment contentions are without merit.

Finally, respondent argues that the certificate filed by petitioner in order to initiate the commitment process does not establish the requisite showing of mental illness and dangerousness required by § 4248 and by due process. Again, the court cannot accept respondent's argument. The certification requirement within § 4248 initiates the commitment process by requiring the Director of the Bureau of Prisons to certify a person as sexually dangerous based upon the individual's medical information and criminal history. The statute details the procedures for filing the certificate:

> (a) Institution of proceedings.– In relation to a person who is in the custody of the Bureau of Prisons, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), . . . the Director of the Bureau of Prisons may certify that the person is a sexually dangerous person, and transmit the certificate to the clerk of the court for the district in which the person is confined. . . . The court shall order a hearing to determine whether the person is a sexually dangerous person. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

18 U.S.C. § 4248(a). However, the statute does not set forth specific substantive requirements regarding the content of the certificate. The certificate filed in this case described some of respondent's past acts of sexually violent conduct or child molestation, listed his mental diagnosis based on a limited psychological review and assessment, and summarized the basis for thinking that he would be dangerous in the future. (DE # 1-1.) Respondent fails to specifically explain why such a notice is inadequate. See Carta, 592 F.3d at 43-44 (finding that respondent failed to explain why the § 4248 certificate filed by petitioner was constitutionally inadequate).

8

Furthermore, as the introductory phrase to § 4248(a) indicates, the filing of the certificate merely triggers the institution of proceedings. After the certification, a respondent receives additional information regarding the basis of the certification through the discovery process. See e.g., Fed. R. Civ. P. 26; Standing Order on Procedures for Commitments Under 18 U.S.C. § 4248, 10-SO-1, at 3-6 (E.D.N.C. Aug. 4, 2010). The documents provided by the United States in discovery will give a respondent information about his certification, the opportunity to investigate that process, and the opportunity to challenge or explain the underlying information. In addition, a court may order a forensic examination that, in conjunction with the certificate, provides a respondent with additional notice of the factual and diagnostic bases of the underlying certificate. See 18 U.S.C. §4248(b). Thus, the certificate filed pursuant to § 4248(a) is only the first step of the process that provides a respondent with the information necessary to prepare for a hearing. As a result, the court finds that the certificate filed in this case provides adequate notice of the proposed basis of commitment.[2]

For the foregoing reasons, respondent's motion to dismiss (DE # 4) is DENIED without prejudice.

SO ORDERED, this the 25th day of March, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

---

[2] Respondent also contends as part of this argument that "[t]he science upon which the certificate relies simply cannot and does not demonstrate that respondent must be detained." (Mem. Supp. Mot. Dismiss 7.) However, the United States Supreme Court has recognized that there are statistics which demonstrate that sex offenders "are much more likely than any other type of offender to be rearrested for a new rape or sexual assault." McKune v. Lile, 536 U.S. 24, 33 (2002).

9

Case 5:09-hc-02076-FA   Document 14   Filed 03/25/11   Page 9 of 9