IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2076-FA

**UNITED STATES OF AMERICA,**

    **Petitioner,**

v.                                      ORDER

**JOHN BLANFORD KING,**

    **Respondent.**

Pending before the court is the motion of Suzanne Little and Katherine E. Shea to withdraw as counsel. (Doc. No. 85). In their motion, King's attorneys inform the court that there has been a breakdown in the relationship between counsel and defendant given that Mr. King has filed a pro se motion for leave to proceed pro se. (Doc. No. 79). For good cause shown, the motion to withdraw is **GRANTED** and Ms. Little and Ms. Shea are relieved from their appointment.

However, at this juncture the court cannot conclude that King has made a knowing and intelligent waiver of his right to counsel. "[T]he right to self-representation cannot be exercised without first eliciting a valid waiver of the right to counsel from the defendant." United States v. Singleton, 107 F.3d 1091, 1103 (4th Cir. 1997); see also United States v. Stafford, 489 F. App'x 673, 674 (4th Cir. 2012) ("An assertion of the right to self-representation must be: (1) clear and unequivocal; (2)

knowing, intelligent, and voluntary; and (3) timely."). "Self-representation is fraught with dangers and disadvantages." United States v. King, No. 5:10-HC-2009-FL, 2013 WL 6330639, *3 (E.D.N.C. Dec. 5, 2013); cf. Faretta v. California, 422 U.S. 806, 835 (1975) (noting that a criminal defendant who chooses to proceed pro se may be allowed to do so only if he knowingly and intelligently waives the benefits of counsel). "Certainly, the assistance of counsel will be invaluable should respondent choose to pursue a motion for review pursuant to 18 U.S.C. § 4247(h)." Id.

Accordingly, his motion to proceed pro se is **DENIED** without prejudice and the Office of the Federal Public Defender is directed to appoint new counsel to represent defendant. After meeting with his new attorney, if King persists in his desire to proceed pro se, he may renew his motion to do so.

As to the Motion for Relief from Judgment or Order that he filed while still represented by counsel, (Doc. No. 80), that motion is **DENIED** without prejudice. See United States v. Singleton, 107 F.3d 1091, 1103 (4th Cir. 1997) (upholding discretion of district court to restrict hybrid representation); United States v. Dawkins, Cr. No. 7:10-cr-00241-GRA, 2010 WL 3607480, * (D.S.C. Sept. 9, 2010) (disregarding pro se motion that had not been adopted by defendant's counsel as improvidently filed). Given this ruling, the motion of the United States to

2

dismiss, or in the alternative, for summary judgment (Doc. No. 82) is **DENIED** as moot.

The Clerk is directed to send a copy of this Order to counsel of record, Mr. King, and the Office of the Federal Public Defender.

**IT IS SO ORDERED** this 29th day of September, 2014.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge